# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EASTERN MISSOURI LABORERS DISTRICT COUNCIL, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:17-CV-1234 CAS |
| SURECUT LAWNCARE, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Surecut Lawncare, LLC's motion to dismiss plaintiffs' Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs oppose the motion, which is fully briefed and ripe for review. For the following reasons, the motion is denied. The Court will also address the parties' joint motion to be excused from mediation, which will be denied.

### *I. Background*

This is an action brought by Eastern Missouri Laborers District Council and its affiliate, Laborers International Union of North America, Local 110, (collectively referred to as the "Union") under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), against defendant Surecut Lawncare, LLC, d/b/a Surecut Lawncare, also d/b/a Surecut Solutions, and also d/b/a Farinella Bros. Landscaping ("Surecut") for the collection of supplemental union dues.[1]

---

[1] The Union originally brought suit against Surecut and Farinella Bros. Landscaping, Inc. The Union filed an Amended Complaint and dropped Farinella Bros. Landscaping, Inc. as a defendant. The only remaining defendant in this suit is Surecut.

In its Amended Complaint, the Union alleges that former defendant Farinella Bros. Landscaping, Inc. ("Farinella") was a signatory to and bound by a collective bargaining bargaining agreement ("CBA"), which required Farinella to make supplemental union dues contributions to the Union on behalf of its employees. According to the Amended Complaint, Farinella owes supplemental union dues under the terms of the CBA.

The Amended Complaint further alleges that while Surecut is not a signatory to the CBA, the defendant is bound by the terms of the CBA because it is the alter ego of Farinella. According to the Amended Complaint, Farinella was sold to Surecut in a ruse transaction on January 29, 2016. More specifically, the Amended Complaint alleges:

> On information and belief, the St. Louis area operations of Surecut and Farinella have or had a common place of business, a common business purpose, common employees, common management (including common control of labor relations), common customers, common equipment, common bids (including many with the names of both companies before the alleged "sale" took place), a common phone number, and a common e-mail address.

Doc. 7 at 2. Therefore, according to the Union, Surecut is the alter ego of Farinella, a signatory to the CBA. The Amended Complaint alleges that based on the alter ego relationship, Surecut remains bound to the terms of the CBA, which it has breached.

For relief, the Union asks that the Court find Surecut is the alter ego of Farinella, and for an order that as the alter ego, Surecut is bound by the CBA. The Union also seeks damages. The Union alleges that it does not know how much Surecut owes in supplemental union dues without a financial examination of Surecut's books from 2015 to the present. The Amended Complaint seeks an order of accounting requiring Surecut to submit its books and records to an accountant to determine the amounts owed, and for a judgment based on this accounting. The Union also asks that

the Court order "Surecut to make supplemental union dues payments in the future to the Union." Id. at 4.

Surecut responded to the Amended Complaint by filing a motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In its motion, Surecut argues that the Court lacks jurisdiction over this matter because the Amended Complaint does not allege a violation of a CBA that would fall under § 301 of the LMRA, but rather the dispute is a representational matter over which the National Labor Relations Board (NLRB) has exclusive jurisdiction pursuant to § 9(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §159(b). Alternatively, Surecut argues that the relief the Union requests – that Surecut pay supplemental union dues to the Union – is prohibited under § 302 of the LRMA.

## *II. Standard*

Surecut challenges the Court's jurisdiction to hear this case and moves to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted)). Distinguishing between a facial and factual challenge is critical to determining how the Court should proceed when resolving a motion to dismiss for lack of subject matter jurisdiction. Under a facial challenge to jurisdiction, a court restricts itself to the face of the pleadings, Osborn, 918 F.2d at 729, n.6, and all of the factual allegations concerning jurisdiction in the plaintiff's complaint are presumed to be true, while under a factual challenge no presumptive truthfulness attaches. See Titus, 4 F.3d at 593 & n.1. The motion asserting a facial challenge will be successful

3

if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Id. Here, Surecut makes a facial challenge to the Union's Amended Complaint. Accordingly, for purposes of this motion, all factual allegations are accepted as true.

Surecut also moves to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555 & n.3. See also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. 8(a)(2).

*III. Discussion*

**A.     Motion to Dismiss for Lack of Jurisdiction**

In its motion, Surecut argues that the NLRB has exclusive jurisdiction over this dispute under § 9(b) of the NLRA because the dispute involves issues of representation. The Union responds that its claim against Surecut asserts a breach of a CBA and, therefore, this Court does have jurisdiction under § 301 of the LRMA.

"Section 301 confers subject-matter jurisdiction in the district courts over suits for violations of union contracts." ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 962 (8th Cir. 2011) (citing Textron Lycoming Reciprocating Engine Div., Avco Corp. v. UAW, 523 U.S. 653, 661–62 (1998)). Section 301(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

At the same time, § 9(b) of the NLRA does grant the NLRB exclusive jurisdiction to hear disputes over cases involving issues of representation. NLRB v. St. Clair Die Casting, LLC, 423 F.3d 843, 848 (8th Cir. 2005) (Section 9 of the NLRA "gives the [NLRB] the power to determine the unit appropriate for the purpose of collective bargaining"); Minn–Dak Farmers Co-op. Emps. Org. v. Minn–Dak Farmers Co-op., 3 F.3d 1199, 1200–01 (8th Cir. 1993) (NLRB has exclusive jurisdiction to resolve issues of representation under a labor agreement). Section 9(b) directs the NLRB to:

> decide in each case whether, in order to assure to employees the fullest freedom in exercising the rights guaranteed by this Act, the unit appropriate for the purposes of

>collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof . . . .

29 U.S.C. § 159(b).

The Eighth Circuit has noted that "[t]here is a long-recognized jurisdictional tension between the jurisdiction granted federal courts in § 301 of the LMRA over '[s]uits for violation of [CBAs],' . . . and the jurisdiction granted the NLRB in § 9(b) of the [NLRA] to 'decide in each case whether, in order to assure employees the fullest freedom in exercising their rights guaranteed by this subchapter, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof.'" Kern v. Goebel Fixture Co., 765 F.3d 871, 874 (8th Cir. 2014) (quoting 29 U.S.C. §§ 185(a) and 159(b)). The Eighth Circuit recognizes that a district court has the authority to hear a dispute "where there is a claim under Section 301 asserting a breach of the collective bargaining agreement." ABF Freight Sys., 645 F.3d at 964 (citing Local Union No. 884 v. Bridgestone/Firestone, Inc., 61 F.3d 1347, 1356 (8th Cir. 1995) (additional internal quotation marks omitted). And the Eighth Circuit has instructed that when determining jurisdiction under § 301, district courts are to examine whether "the major issues to be decided . . . can be characterized as primarily representational or primarily contractual." Local Union 204 of Int'l Bhd. of Elec. Workers v. Iowa Elec. Light & Power Co., 668 F.2d 413, 419 (8th Cir. 1982). If the issues to be decided are primarily contractual, the dispute falls under § 301. Id.

Here, the Union plainly alleges in its Amended Complaint that there was a breach of a CBA. And while defendant Surecut was not a signatory to the CBA, the Union seeks to hold Surecut liable for the breach under the theory that Surecut is the alter ego of Farinella, a now-defunct company that

was a signatory to the CBA.[2] Therefore, according to the Union, the dispute before the Court is primarily contractual. Surecut argues that the dispute before the Court is primarily representational because it was not a signatory of the CBA. Accordingly to Surecut, the Union is attempting through this suit to redefine the bargaining unit. What is an appropriate bargaining unit, defendant contends, is within the exclusive jurisdiction of the NLRB under § 9(b) of the NLRA.

The parties provided the Court with scant case law in support of their positions. In its own research, the Court found no controlling authority precisely on point. Surecut cites to Granite Rock Company v. International Brotherhood of Teamsters, 561 U.S. 287 (2010), for the general proposition that § 301 is for the enforcement of collective bargaining agreements, but on closer examination the case does not support Surecut's position. While the Supreme Court did not address the issue at bar directly in Granite Rock, it did allow a breach of CBA claim to proceed under § 301 against a non-signatory to a CBA based on the theory that the defendant was an alleged alter ego of a signatory. Id. at 313 (noting petitioner "might very well have" a breach of contract claim under § 301 because the record suggests defendant was the alter ego of a signatory to the CBA at issue).

The Supreme Court has also signaled in another labor case that it does not view the alter ego doctrine to be a representational issue. In Howard Johnson Company v. Detroit Local Joint Executive Board, Hotel & Restaurant Employee & Bartenders International Union, AFL-CIO, 417

---

[2]"Under the LMRA, one business entity is the alter ego of another, and therefore is liable for its obligations, if the two are substantially identical in terms of ownership, management, supervision, business purpose, operations, customers, equipment, facilities and employees." Greater St. Louis Const. Laborers Welfare Fund v. Sunrise Const., Inc., No. 4:05-CV-481 CAS, 2009 WL 73664, at *2 (E.D. Mo. Jan. 8, 2009) (citing Woodline Motor Freight, Inc. v. NLRB, 843 F.2d 285, 288-89 (8th Cir. 1988)).

7

U.S. 249 (1974), the Court distinguished cases involving a bona fide corporate succession from those which allege that a defendant company is an alter ego of a signatory. "Such cases involve a mere technical change in the structure or identity of the employing entity, frequently to avoid the effect of the labor laws, without any substantial change in its ownership or management. In these circumstances, the courts have had little difficulty holding that the successor is in reality the same employer and is subject to all the legal and contractual obligations of the predecessor." Id. at 267, n.5 (citations omitted). In this Court's view, this language indicates that the Supreme Court does not consider a claim for breach of a CBA by an alleged alter ego to be a representational issue falling within the purview of the NLRB, but rather it is merely an issue of corporate identity that can be decided by the district courts under § 301.

The Eighth Circuit also has not directly addressed whether a claim for breach of a CBA against a non-signatory employer that is alleged to be the alter ego of a signatory falls under the jurisdiction of § 301 of the LRMA. The Eighth Circuit did find, however, that an employer who had opted out of a multi-employer bargaining unit but agreed to implement new standards on work conditions in a CBA negotiated by that unit could bring a § 301 claim against its competitor and the union for breach of the CBA, even though the employer was not a signatory to the agreement. ABF Freight Sys., 645 F.3d at 694. The Court finds that the Eighth Circuit's holding in ABF Freight System supports the Union's argument that it may proceed under § 301 against Surecut. Id.

Finally, other federal courts addressing the issue at bar have concluded that unions can proceed under § 301 for breach of a CBA against a non-signatory employer under the alter ego doctrine. See Carpenters Local Union No. 1846 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO v. Pratt-Farnsworth, Inc., 690 F.2d 489, 522 (5th Cir. 1982), amended, (5th Cir. Dec. 8,

8

1982) (holding that a § 301 claim for breach of contract may be stated under an alter ego theory where the defendant had not signed the CBA); Local 881, United Food & Com. Workers Union v. Butera Finer Foods, Inc., No. 91 C 7512, 1992 WL 220679, at *2 (N.D. Ill. Sept. 2, 1992) (finding court had jurisdiction under § 301 to hear breach of CBA claim involving a non signatory to the CBA based on the doctrine of alter ego); Local 705, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Willett, Inc., 614 F. Supp 932, 938 (N.D. Ill. 1985) (same); Int'l Union of Operating Engineers, Local 926 v. Superior Rigging & Erecting Co., 602 F. Supp. 913, 915 (N.D. Ga. 1984) (same). See also Service, Hospital, Nursing Home & Public Emps. Union, Local No. 47 v. Com. Prop. Servs., 755 F.2d 499 (6th Cir. 1985) (holding § 301 jurisdiction would be appropriate if the non-signatory employer was the "alter ego" of the signatory); Brotherhood of Teamsters, Local No. 70 v. Cal. Consolidators, Inc., 693 F.2d 81 (9th Cir. 1982) (per curiam) (finding federal jurisdiction under § 301 over claim against non signatory to CBA).

The Court finds these cases to be pursuasive. The issues before the Court are not primarily representational as Surecut contends. The Court has not been called upon "to determine an appropriate bargaining unit" but rather "to remedy an alleged breach of contract." Pratt-Farnsworth, Inc., 690 F.2d at 517. What is the appropriate bargaining unit will not be central to this case, as the Union has alleged that Surecut is doing the same business with the same employees as Farinella. See Id. Instead, central to this dispute is whether the CBA has been breached and Surecut's corporate identity. The Court must decide whether Farinella breached the CBA, and whether Surecut can be held liable because it is essentially "the same employer and is subject to all the legal and contractual obligations of the predecessor." Howard Johnson Co., 417 U.S. at 267 n.5. The Court finds, therefore, that the issues in this case are primarily contractual, and the Court has jurisdiction

pursuant to § 301 to hear the Union's claim against Surecut for breach of the CBA. Cf. ABF Freight Sys., 645 F.3d at 954; Pratt-Farnsworth, Inc., 690 F.2d at 517; Iowa Elec. Light & Power Co., 668 F.2d at 419. Surecut's motion to dismiss for lack of jurisdiction is denied.

### B. Motion to Dismiss for Failure to State a Claim

In its motion to dismiss Surecut also argues that the Union has failed to state a claim because the relief it is requesting is unlawful under applicable labor law. According to Surecut, the relief the Union is requesting – that the Court order Surecut to make payments to the Union – is prohibited by § 302 of the LMRA. Section 302 provides:

> It shall be unlawful for any employer . . . to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value . . .
>
> > (2) to any labor organization, or any officer or employee thereof, which represents, seeks to represent, or would admit to membership, any of the employees of such employer who are employed in an industry affecting commerce . . . .

29 U.S.C. § 186(a). Upon closer examination of the Amended Complaint, it is clear that the Union is not simply asking that Surecut make payments to the Union. The Amended Complaint alleges that the CBA requires employers that are subject to its terms "to make supplemental union dues contributions on <u>behalf of its employees</u>." Doc. 7 at 2 (emphasis added).

As the Union points out, there are exceptions to § 302's prohibition against direct payments to unions, which include the payment of union dues on behalf of employees. Employers are allowed to pay unions dues that have been deducted from employees' wages – a practice commonly referred to as dues check-off. The statute explicitly provides:

> The provisions of this section shall not be applicable . . . (4) with respect to money deducted from the wages of employees in payment of membership dues in a labor organization: Provided, That the employer has received from each employee, on whose account such deductions are made, a written assignment which shall not be

> irrevocable for a period of more than one year, or beyond the termination date of the applicable collective agreement, whichever occurs sooner.

29 U.S.C. § 186(c)(4). The Union argues that the relief it is requesting falls squarely within this exception.

In its reply memorandum, Surecut does not dispute that with the proper assignment, dues may be deducted from employees' wages and paid to the Union. Instead, Surecut argues that the Union has not adequately pleaded the requirements of 29 U.S.C. § 186(c)(4), for example, that there were voluntary written assignments, or that the deductions from the wages were not being paid to the Union as assigned.

The Union's claim against Surecut is for breach of the CBA. To state a claim for breach of a CBA – which essentially is a breach of contract claim – a plaintiff must plead four elements: "(1) a contract between the plaintiff and defendant; (2) rights of the plaintiff and obligations of the defendant under the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." Amburgy v. Express Scripts, Inc., 671 F.Supp.2d 1046, 1055 (E.D. Mo. 2009).[3] Surecut does not argue that the Union failed to allege a claim for breach of a CBA, but rather its argument is that the relief the Union requests violates 29 U.S.C. § 186(a), and the Union failed to plead the requirements of § 186(c)(4). In support of its motion to dismiss for failure to state a claim, Surecut does not cite any case law holding that a union bringing a claim for breach of a CBA, for

---

[3] In its motion, Surecut also complains that the Union has not provided it with a copy of the CBA. A CBA need not be attached to a plaintiff's complaint. Erler v. Graham Packaging, No. 4:14-CV-931 JCH, 2014 WL 6463338, at *3 (E.D. Mo. Nov. 17, 2014) (finding plaintiff had stated claim for breach of a CBA, although the applicable CBA was not attached to complaint). Presumably, the Union has or will provide Surecut with a copy of the CBA during discovery in this case.

which it seeks supplement union dues, must plead the requirements of § 186(c)(4), and the Court has found no such authority in independent research.

In sum, Surecut does not argue in its motion to dismiss that the Union failed to allege the necessary elements for a claim for breach of a CBA, and it fails to provide the Court with any authority for its argument that the Union is required to plead the elements of § 186(c)(4). In light of this, the Court will deny Surecut's motion to dismiss pursuant to Rule 12(b)(6). It may be that the CBA at issue in this case violates 29 U.S.C. § 186(a), and its terms do not meet the requirements for the exception under § 186(c)(4). It may also be that employees have not executed the necessary written assignments for the deduction of union wages under § 186(c)(4). That said, these are defenses that Surecut may choose to raise later in these proceedings; they are not matters to be pleaded by the Union in its complaint. Surecut's motion to dismiss for failure to state a claim is denied.

### C. Motion to Vacate Court-Ordered Alternative Dispute Resolution ("ADR")

Finally, the parties have filed a joint motion urging the Court to vacate its Order referring this case to mediation. The parties state, in one sentence, that they have conferred and "[n]either party believes that alternative dispute resolution would be productive in resolving this matter at this time." Doc. 21 at 1. The parties provide the Court with no further elaboration.

The motion to vacate ADR was filed while Surecut's motion to dismiss was still pending. The Court believes that its ruling on defendant's motion to dismiss may provide the parties more insight as to the potential outcomes of this case. Moreover, in the Court's view, attending mediation may be productive, even when the parties are reluctant. Mediation may streamline issues in the case and/or offer the parties realistic expectations as to the ultimate likelihood of success, by virtue of

an objective neutral's evaluation of the case for resolution by dispositive motion or trial. The Court denies the parties' joint motion to vacate the Court's order referring this case to mediation.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Surecut Lawncare, LLC's motion to dismiss is **DENIED.** [Doc. 12]

**IT IS FURTHER ORDERED** the parties' joint motion to vacate referral to alternative dispute resolution is **DENIED.** [Doc. 21]

**IT IS FURTHER ORDERED** that the ADR conference(s) shall be concluded before **March 30, 2018.** Not later than ten (10) days from the date of this Memorandum and Order, lead counsel, Nathan Kyle Gilbert, shall notify the clerk of the agreed choice of neutral selected by the parties, and the date, time and location of the initial ADR conference. In all other respects, the ADR Referral Order dated December 14, 2017, remains in full force and effect.

                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this   31st    day of January, 2018.