UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EASTERN MISSOURI LABORERS DISTRICT COUNCIL, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:17-CV-1234 CAS |
| SURECUT LAWNCARE, LLC., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Surecut Lawncare, LLC's motion to strike paragraphs 5, 6, and 12 of the Jose Gomez affidavit and plaintiffs' statement of material facts that rely thereon [Doc. 40], and plaintiffs Eastern Missouri Laborers District Council and its affiliate Laborers International Union of North America, Local 110's motion to strike unnotarized affidavits [Doc. 50]. For the following reasons, the Court will deny both motions.

Under Federal Rule of Civil Procedure 12(f), a court may "strike from **a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. (emphasis added). A motion to strike is properly directed only to material contained in pleadings. Coleman v. City of Pagedale, No. 4:06-CV-1376 ERW, 2008 WL 161897, *4 (E.D. Mo. Jan.15, 2008). The Federal Rules of Civil Procedure define pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike. 2 James W. Moore, et al., Moore's Federal Practice § 12.37[2] (3rd ed. 2016). See Coleman, 2008 WL 161897, at *4; Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.,

No. 4:07-CV-1719 CAS, 2008 WL 2518561, *1 (E.D. Mo. June 19, 2008). Neither party's affidavits are pleadings and therefore cannot be attacked with a motion to strike. Both motions to strike will be denied.

In defendant's motion to strike paragraphs 5, 6, and 12 of the Jose Gomez affidavit and plaintiffs' statement of material facts that rely thereon, defendant objects based on hearsay, lack of foundation and authentication, and reliance upon statements of fact not based upon personal knowledge. These issues should have been raised by defendant in its memorandum in opposition to the motion for summary judgment, and not by a motion to strike. Notwithstanding defendant's error, the Court will consider these objections as it reviews the parties' motions for summary judgment.

As to plaintiffs' motion to strike unnotarized affidavits, the Court will deny the motion for the same reason. Plaintiffs' objection should have been raised in its opposition memorandum, and not by a motion to strike.

Plaintiffs' motion to strike will also be denied because defendant did include the appropriate declarations under penalty of perjury, as mandated by 28 U.S.C. § 1746, despite incorrectly naming the documents "affidavits." "While an 'affidavit' is required to be sworn to by the affiant in front of an officer authorized to administer oaths, 28 U.S.C. § 1746 allows for 'unsworn declarations under penalty of perjury' to support any matter that legally requires an affidavit to support it. According to § 1746, the declaration must comport to the following form: 'I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on date.'" Peters v. Lincoln Elec. Co., 285 F.3d 456, 475 (6th Cir. 2002) (internal citation omitted).

The declarations of Jim Heger, Dorothy Dunker, and Robin Earleywine are clearly dated, signed, and contain the language: "Pursuant to United States Code 28 USC Sec. 1746, I declare

under penalty of perjury that the foregoing is true and correct." Although defendant mistitled these documents as affidavits, they have been properly executed as declarations, and are sworn statements the Court can properly consider in a motion for summary judgment. Not only was it incorrect to file a motion to strike, plaintiffs' counsel carelessly raised a baseless argument. The Court trusts that counsel for both parties will exercise better judgment in future filings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike paragraphs 5, 6, and 12 of the Jose Gomez Affidavit and plaintiffs' statement of material facts that rely thereon is **DENIED**. [Doc. 40]

**IT IS FURTHER ORDERED** that plaintiffs' motion to strike unnotarized affidavits is **DENIED**. [Doc. 50]

                                               **CHARLES A. SHAW**
                                               **UNITED STATES DISTRICT JUDGE**

Dated this   15th   day of June, 2018.